**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ANTHONY L. TAYLOR,**

                **Petitioner,**

        **v.**                                        **CASE NO. 19-3170-SAC**

**MARTY SAUERS,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. On October 25, 20219, the Court directed Respondent to file a Pre-Answer Response (PAR) limited to addressing the affirmative defense of timeliness under 28 U.S.C. § 2244(d). (Doc. 6.) The Court also gave Petitioner the opportunity to reply to the PAR. *Id*. Respondent filed the PAR on November 27, 2019, and Petitioner filed his reply on December 17, 2019. (Docs. 9, 10.) Having reviewed these documents, the Court finds that Petitioner asserts a plausible claim for equitable tolling. Accordingly, the Court declines to dismiss the petition as untimely and instead orders the Respondent to file a response to the petition.

**Background**

In October 2010, a jury convicted Petitioner of two counts of aggravated indecent liberties with a child and, in May 2011, the district court sentenced him to life imprisonment without the possibility of parole for 25 years.[1] (Doc. 9, p. 2.) Petitioner

---

[1] The parties agree on most of the relevant dates. (See Doc. 9, p. 2-3; Doc. 10, p. 1.)

appealed and on June 7, 2013, the Kansas Court of Appeals (KCOA) affirmed the convictions and sentence. See *State v. Taylor*, 2013 WL 2917813, at *1 (Kan. Ct. App. 2013), *rev. denied* Nov. 22, 2013. The Kansas Supreme Court (KSC) denied Petitioner's petition for review on November 22, 2013. *Id.*

Petitioner asserts that he mailed his K.S.A. 60-1507 motion for habeas relief on November 20, 2014, thus timely filing it under Kansas' prison mailbox rule.[2] (Doc. 10, p. 2.) The district court denied the motion and, on February 15, 2019, the KCOA affirmed the district court. See *Taylor v. State*, 2019 WL 638282 (Kan. Ct. App. 2019). Petitioner did not seek review by the KSC. On September 5, 2019, Petitioner filed the instant petition. (Doc. 1.)

**Analysis**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). As relevant here, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). "Direct review" concludes when the availability of direct appeal to the state courts and request for review by the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). "[I]f a prisoner does not file a petition for writ of certiorari

---

[2] In Kansas, the "prison mailbox rule" "deems a prisoner's pro se documents 'filed' when he or she submits them to prison authorities for mailing." *Wahl v. State*, 301 Kan. 601, 615 (2015). Because Petitioner's allegation has thus created at least a dispute of fact regarding whether his K.S.A. 60-1507 motion was timely filed within the one-year limitation period, the Court will not resolve that dispute against him at this stage of the habeas proceedings. See *Winkel v. Heimgartner*, 645 Fed. Appx. 729, 730-33 (10th Cir. 2016) (finding error where district court declined to apply Kansas' prison mailbox rule based on the type of evidence provided in response to an order to show cause issued after initial screening of a § 2254 petition).

with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003). The Rules of the United States Supreme Court allow 90 days to seek certiorari, and the limitation period begins to run the day after a conviction becomes final. See Sup. Ct R. 13(1); *Harris v. Dinwiddie*, 642 F.3d 902, 906-07 n.6 (10th Cir. 2011).

The KSC denied Petitioner's direct-appeal petition for review on November 22, 2013. Petitioner did not file a petition for writ of certiorari, so the one-year limitation period for filing a federal habeas petition under § 2254 began to run on approximately February 21, 2014. Under 28 U.S.C. § 2244(d)(2), "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection." Thus, Petitioner filing his K.S.A. 60-1507 motion on November 20, 2014, tolled the one-year federal habeas limitation period. Approximately 273 days of the year had expired, leaving approximately 92 days remaining.

The KCOA issued its decision in the 60-1507 proceeding on February 15, 2019. See *Taylor v. State*, 2019 WL 638282, at *1. Petitioner did not seek review by the KSC and, when the time do so elapsed on March 17, 2019, the one-year limitation period for filing the present action resumed. See Kan. S. Ct. R. 8.03(b)(1) (setting 30-day deadline for petition for review). Thus, absent other tolling, the one-year limitation period expired on approximately June 17, 2019.

Petitioner did not file the instant petition, however, until September 5, 2019. (Doc. 1.) In his reply to the PAR, Petitioner does not dispute that he filed his petition after the limitation period had expired. Rather, he asserts that he is entitled to equitable tolling because he diligently pursued his claims and his failure to timely file the petition was caused by extraordinary circumstances that were beyond his control. (Doc. 10, p. 1.)

The one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Such circumstances include "when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). An attorney's misconduct or "egregious behavior" also may warrant equitable tolling, see *Holland v. Florida*, 560 U.S. 631, 651 (2010), but "[s]imple excusable neglect is not sufficient," see *Gibson*, 232 F.3d at 808 (citation omitted).

In his reply to the PAR, Petitioner asserts that the attorney appointed to assist him with his 60-1507 action ceased all communication with him in January 2019, before the KCOA's February 2019 opinion. (Doc. 10, p. 2, 11.) In late March 2019, Petitioner met another inmate, Terry Antalek, who was represented by the same

attorney. *Id.* at 2-3. Mr. Antalek told Petitioner that their attorney had withdrawn from representing Mr. Antalek at a February 2019 hearing, telling the court that he had been ill and was having difficulty with his memory. *Id.* at 2-3, 12.

Petitioner claims that he did not learn of the KCOA decision on his 60-1507 action until mid-April 2019, at which point he wrote to the Clerk of the Appellate Courts of Kansas to inquire about the status of that case and report that he had been unsuccessful in trying to contact his attorney. *Id.* at 3, 13. The clerk's office responded in a letter dated May 2, 2019, and informed Petitioner that the mandate had issued on March 25, 2019. *Id.* at 14.

Petitioner continued trying to contact his attorney and, in August 2019, Petitioner filed a motion for new counsel with the Kansas state district court in which he originally filed his 60-1507 motion. *Id.* at 3, 15-16. In a letter dated August 29, 2019 the district court replied, informing Petitioner that it would not appoint new counsel since the mandate in the 60-1507 action had issued. *Id.* at 4, 18. On September 5, 2019, Petitioner filed the present habeas action pro se. (Doc. 1.) Shortly thereafter, Petitioner learned from Kansas' Office of the Disciplinary Administrator, with which he had filed a complaint about his attorney, that his attorney had been placed on disabled inactive status. *Id.* at 3, 17.

Although an attorney's simple neglect is insufficient to warrant equitable tolling, the United States Supreme Court has held that "when an attorney abandons his client without notice," such abandonment may "count as an extraordinary circumstance justifying equitable tolling." See *Maples v. Thomas*, 565 U.S. 266, 281-82

(2012); see also *Davison v. McCollum*, 696 Fed. Appx. 859, 861 (10th Cir. 2017) ("Attorney abandonment may constitute an 'extraordinary circumstance' sufficient to toll the habeas limitations period."). Petitioner has provided copies of relevant correspondence, an affidavit from Mr. Antalek, and other evidence that supports equitable tolling based on his assertion that his attorney's abandonment of him thwarted his diligent pursuit of his claims.

**Conclusion**

For the limited purpose of screening the petition, the Court assumes that equitable tolling is warranted in this case. The Court has examined the petition and finds that:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and
2. Petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas.

**IT IS THEREFORE ORDERED:**

1. That Respondent is hereby required to show cause within thirty (30) days from the date of this order why the writ should not be granted.
2. That the response should present:
    a. The necessity for an evidentiary hearing on each of the grounds alleged in Petitioner's pleading; and
    b. An analysis of each of said grounds and any cases and supporting documents relied upon by Respondent in opposition to the same.

Respondent shall cause to be forwarded to this court for examination and review the following:

　　The records and transcripts, if available, of the criminal proceedings complained of by Petitioner; if a direct appeal of the judgment and sentence of the trial court was taken by Petitioner, Respondent shall furnish the records, or copies thereof, of the appeal proceedings.

3. Upon the termination of the proceedings herein, the clerk of this Court will return to the clerk of the proper state court all state court records and transcripts.

4. That Petitioner be granted thirty (30) days after receipt by him of a copy of Respondent's answer and return to file a traverse thereto, admitting or denying, under oath, all factual allegations therein contained.

5. That the clerk of this Court then return this file to the undersigned judge for such other and further proceedings as may be appropriate; and that the clerk of this Court transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:  This 14th day of June, 2021, at Topeka, Kansas.

　　　　　　　　　　　　　　　S/ Sam A. Crow

　　　　　　　　　　　　　　　SAM A. CROW
　　　　　　　　　　　　　　　U.S. Senior District Judge