IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY L. TAYLOR,                      )
                                        )
                    Petitioner,         )
                                        )
        v.                              )        Case No. 19-3170-JWL
                                        )
DONALD LANGFORD, Warden,                )
Ellsworth Correctional Facility,        )
                                        )
                    Respondent.         )
                                        )
_____)

## MEMORANDUM AND ORDER

This matter comes before the Court on Anthony Taylor's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. # 1), in which petitioner asserts claims of ineffective assistance of counsel that the Kansas state courts have rejected. For the reasons set forth below, the Court **denies** the petition.

## I.    Background

In 2010, after a trial in the District Court of Sedgwick County, Kansas, a jury convicted petitioner of two counts of aggravated indecent liberties with a child, while acquitting petitioner on a charge of rape. The charges arose from accusations by the victim, M.O., a 13-year-old girl, that over the course of four days in September 2009 petitioner had inappropriate sexual contact with her in the course of petitioner's job driving M.O. and other children home from an after-school program. Petitioner was given a "hard 25" life

sentence, under which he would not be eligible for parole for 25 years. Petitioner's convictions and sentence were upheld on direct appeal by the Kansas Court of Appeals ("the KCOA"). *See State v. Taylor*, 2013 WL 2917813 (Kan. Ct. App. June 7, 2013) (unpub. op.), *rev. denied* (Kan. Nov. 22, 2013).

In 2014, petitioner initiated state habeas proceedings in the state district court pursuant to K.S.A. § 60-1507, in which petitioner alleged ineffective assistance of trial counsel and appellate counsel in violation of the Sixth Amendment. The district court conducted an evidentiary hearing, at which petitioner was represented by counsel, and by written order of June 7, 2017, the court denied petitioner's claims. Petitioner, through counsel, appealed, but the KCOA affirmed the district court's rulings in a 2019 opinion. *See Taylor v. State*, 2019 WL 638282 (Kan. Ct. App. Feb. 15, 2019) (unpub. op.).

On September 5, 2019, petitioner filed the instant *pro se* petition in this Court. After the parties briefed the issue of the timeliness of the petition, the Court issued an order stating that it would assume that any untimeliness would be excused by equitable tolling, and it ordered the parties to proceed to the merits of petitioner's claims.[1] The State filed its response brief on September 9, 2021, and petitioner filed a reply brief on October 13, 2021.[2]

---

[1] Petitioner claimed that the attorney who represented him on his latest appeal did not communicate with him after the KCOA's ruling and that he therefore was unable to seek review of that ruling in the Kansas Supreme Court. In responding to the merits, the State has not sought additional consideration of the timeliness issue. Nor has the State relied on the failure to seek review in the supreme court in arguing that petitioner failed to exhaust state-court remedies with respect to particular claims.

[2] This case was assigned to the undersigned judge on September 23, 2021.

## II.   **Governing Standards**

Section 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides for consideration of a prisoner's writ of habeas corpus on the ground that "he is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).  The petitioner must exhaust state court remedies.  *See id.* § 2254(b), (c).  Relief shall not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See id.* § 2254(d).  The standard is very strict, as explained by the Tenth Circuit:

> The [state court] rejected this claim on the merits.  Our review is therefore governed by the AEDPA, which erects a formidable barrier to federal habeas relief and requires federal courts to give significant deference to state court decisions on the merits.
>
> . . .
>
> Clearly established law is determined by the United States Supreme Court, and refers to the Court's holdings, as opposed to the dicta.  A state court decision is "contrary to" the Supreme Court's clearly established precedent if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts.
>
> A state court decision is an "unreasonable application" of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.  Evaluating whether a rule application was unreasonable requires considering the rule's specificity.  The more general

the rule – like the one adopted in *Strickland* – the more leeway state courts have in reaching outcomes in case-by-case determinations.  An *unreasonable* application of federal law is therefore different from an *incorrect* application of federal law.

We may issue the writ only when the petitioner shows there is *no possibility* fairminded jurists could disagree that the state court's decision conflicts with the Supreme Court's precedents.  Thus, even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. If this standard is difficult to meet – and it is – that is because it was meant to be.  Indeed, AEDPA stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. Accordingly, we will not likely conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy.

*See Frost v. Pryor*, 749 F.3d 1212, 1222-24 (10th Cir. 2014) (emphasis in original) (internal

quotations and citations and footnote omitted).

In this case, petitioner asserts various claims that his representation by his trial

counsel was constitutionally deficient.  Petitioner's claims of ineffective assistance of

counsel are governed by the deferential two-pronged standard set forth by the Supreme

Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under that standard, "[t]o

establish ineffective assistance of counsel, [a] [d]efendant must show 'that counsel's

representation fell below an objective standard of reasonableness' and that he was

prejudiced by the deficient performance."  *See United States v. Moya*, 676 F.3d 1211, 1213

(10th Cir. 2012) (quoting *Strickland*, 466 U.S. at 687-88, 692).  The test for establishing

prejudice is as follows:

The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.

4

*See Strickland*, 466 U.S. at 694.

> Surmounting *Strickland*'s high bar is never an easy task.   An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve.  Even under *de novo* review, the standard for judging counsel's representation is a most deferential one.  Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge.  It is all too tempting to second-guess counsel's assistance after conviction or adverse sentence.  The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom.

*See Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal quotations and citations omitted).

The Court's review under the AEDPA of a state court's application of *Strickland* is even more deferential:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult.  The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so.  The *Strickland* standard is a general one, so the range of reasonable applications is substantial.  Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*See id.* (internal quotations and citations omitted).

As noted above, a habeas petitioner must first exhaust state court remedies.  *See* 28 U.S.C. § 2254(b), (c).  In the Kansas courts, an issue not raised on appeal is deemed abandoned.  *See State v. Edwards*, 260 Kan. 95, 98 (1996).  If a state prisoner has failed to

exhaust or has procedurally defaulted a claim by failing to raise it in the state courts, the claim may be raised in the federal habeas court only if the prisoner can demonstrate cause for the failure and actual prejudice from the constitutional violation; or that the prisoner is actually innocent, meaning that, in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted the prisoner.  *See Bousley v. United States*, 523 U.S. 614, 622-23 (1998).

### III.   Analysis

The state courts addressed and rejected petitioner's various claims of ineffective assistance of trial counsel.  In each case, the state court identified and applied the governing *Strickland* standard.  Applying the doubly deferential standard discussed above, and as set forth more fully below, the Court concludes that petitioner has not shown that the state courts applied the *Strickland* standard unreasonably.  Therefore, petitioner is not entitled to relief.

### A.   Failure to Investigate or Call Particular Witnesses

In Grounds One and Two of his petition, petitioner claims that his trial counsel was ineffective in failing to investigate or call witnesses.  Petitioner has identified only one such witness in his petition, however:  Ruthie Walker, who petitioner claims "would testify that her grandson would have been the last person off the bus, refuting the testimony of [the victim]."  Both the state district court and the KCOA rejected this claim under *Strickland*'s prejudice prong, concluding that petitioner had not shown that Ms. Walker's testimony would have affected the outcome of the trial.  Those courts cited Ms. Walker's

testimony at the evidentiary hearing that although she recalled that her grandson was dropped off last on two occasions, she could not recall the dates or the identity of the driver when that occurred. *See Taylor*, 2019 WL 638282, at *3-4. In light of that inability to tie the late drop-offs of her grandson to petitioner's conduct on the dates on which the crimes were alleged to have occurred, the state courts' conclusion and rejection of this claim was not unreasonable.[3]

Petitioner argues that the result of counsel's failure to investigate Ms. Walker and the other witnesses cannot be known, and that the necessary prejudice may therefore be presumed under *United States v. Cronic*, 466 U.S. 648 (1984). In that case, the Supreme Court held that "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable." *See id.* at 659. The Supreme Court has stressed that this failure by counsel must have been "complete" for the *Cronic* exception to apply. *See Bell v. Cone*, 535 U.S. 685, 696-97 (2002). The Supreme Court has also described this exception as a "narrow" one that "infrequently" applies. *See Florida v. Nixon*, 543 U.S. 175, 190 (2004).

Petitioner's argument for application of *Cronic* was raised and rejected before the state district court in the state habeas proceedings, but petitioner did not cite *Cronic* on appeal to the KCOA. Petitioner argues that his counsel should have raised that (and every)

---

[3] Petitioner suggests that Ms. Walker's memory would have been better at the time of trial, but the Court cannot simply speculate that any additional testimony would have been favorable to petitioner.

issue from his district court petition on appeal.  *See Davila v. Davis*, 137 S. Ct. 2058, 2064-65 (2017) (federal habeas court is not necessarily barred from considering a claim that the cause for a procedural default was the ineffective assistance of counsel during a postconviction collateral proceeding).  Petitioner is not excused from that procedural default, however, because, as discussed below, he has not shown that he would have prevailed on this issue on appeal, and thus he cannot establish the requisite prejudice.[4]

The state district court did address petitioner's argument for application of the *Cronic* exception, and it rejected that argument.[5]  That court correctly noted that the exception requires a complete failure to subject the prosecution's case to adversarial testing, and it found that such a failure did not occur here.  That conclusion is supported by the record, which reveals that trial counsel did mount a defense and oppose the State's evidence, even winning an acquittal on one charge.  *See Houchin v Zavaras*, 107 F.3d 1465, 1471 (10th Cir. 1997) (in rejecting an argument for application of the *Cronic* exception, noting that adversarial testing of the prosecution's case did occur, as defense counsel did not convey to the jury a belief in the defendant's guilt or otherwise align himself with the

---

[4] The Court also rejects petitioner's claim of actual innocence as a basis for excusing his procedural defaults.  Petitioner has not submitted additional evidence with his present petition.  The KCOA concluded that the evidence at trial, including the victim's testimony and corroborating DNA evidence, was sufficient to support the jury's verdict, *see Taylor*, 2019 WL 638282, at *9, and in light of that evidence – and even considering the evidence offered at the evidentiary hearing – the Court cannot conclude that no reasonable jury could have convicted petitioner.

[5] The state district court rejected this claim (as it did various other claims by petitioner) also under *Strickland*'s first prong, based in part on its explicit finding that petitioner was not a credible witness at the evidentiary hearing, particularly in light of his assertion of a factual claim that was disproved at the hearing.

prosecution); *United States v. Rith*, 171 F. App'x 228, 237 (10th Cir. 2006) (unpub. op.) (claim that counsel did not investigate evidence did not equate to a claim of a failure to oppose the prosecution throughout as a whole; thus, specific attorney errors were subject to *Strickland*, not *Cronic*, and a showing of prejudice was required); *Luman v. Champion*, 1997 WL 143594, at *2 (10th Cir. Mar. 31, 1997) (rejecting argument for application of the *Cronic* exception to a claim of a failure to investigate witnesses). Accordingly, the state court's refusal to apply the *Cronic* exception to the prejudice requirement was not unreasonable, and the Court therefore denies this claim concerning the failure to investigate Ms. Walker's testimony.

In Ground Two of the petition, petitioner claims a failure to investigate other witnesses identified by petitioner for trial counsel. Petitioner does not identify any such witnesses in his federal petition, but instead he refers to his *pro se* memorandum filed in the state district court, in which he listed 10 such witnesses other than Ms. Walker. Two such witnesses testified at the evidentiary hearing: C.J. Moore, the other van driver for the after-school program; and Lashekia Edwards, petitioner's fiancée. Mr. Moore and Ms. Edwards testified that on one day during the relevant time period, Mr. Moore's van broke down and that petitioner therefore had to drive additional children home.

Both the state district court and the KCOA denied petitioner's claim involving these two witnesses under *Strickland*'s prejudice prong. Those courts concluded that the witnesses' testimony at the hearing, if offered at trial, would not have undermined the outcome or rebutted the victim's testimony, particularly because neither could offer testimony about what happened after petitioner picked up the children from Mr. Moore's

keeping.  *See Taylor*, 2019 WL 638282, at *4.  That conclusion by the state courts is not an unreasonable one in light of that limitation in these witnesses' testimony.[6]  Accordingly, the Court denies petitioner's claim based on a failure to investigate or call Mr. Moore or Ms. Edwards.

Petitioner's district court brief listed eight other witnesses that petitioner allegedly asked counsel to investigate.  The KCOA did not address a claim based on those additional witnesses, but instead addressed only those witnesses who testified at the evidentiary hearing.  As petitioner notes, the other witnesses were mentioned in his appellate brief; therefore, petitioner arguably raised the issue on appeal, even though he failed to identify any particular testimony that those witnesses could have offered at trial.  The state district court did address a claim based on these additional witnesses, however.  That court rejected any such claim, on the basis that petitioner had not substantiated a claim under *Strickland* with respect to any of those witnesses.  Indeed, in his district court brief petitioner did not lay out the testimony of which he was allegedly deprived by his counsel's failure to investigate; nor did any of these witnesses testify at the hearing.  Even now, before this Court, petitioner has failed to make any specific argument regarding what these witnesses would have stated and how such testimony would have affected the outcome of his trial.  As with the other witnesses, the Court cannot simply presume prejudice from a failure to

---

[6] Again, the Court cannot simply assume that these witnesses would have been able to offer testimony more favorable to petitioner if they had been contacted at the time of trial.

secure testimony.  Accordingly, the state court's conclusion was not unreasonable, and the Court denies this claim by petitioner.

> ### B.   *Failure to Prepare Petitioner for Trial*

In Ground Three of his petition, petitioner claims ineffective assistance in failing to prepare him for trial, as follows:  "Counsel only had brief meetings with him before each court proceeding, did not discuss the details of his testimony or conduct a mock cross examination, did not give him any discovery to review, did not discuss trial strategy with him . . . ."  After the district court rejected this claim, petitioner did not assert it on appeal to the KCOA, and the claim was therefore procedurally defaulted.

Moreover, the district court's rejection of this claim was not unreasonable.  The district court found that petitioner's testimony concerning these alleged failures of counsel was not credible, and the Court must defer to that credibility finding.  In addition, the state court's finding of a lack of prejudice was reasonable, as petitioner did not explain to that court how the alleged failure affected the outcome of the trial.  Nor has petitioner offered any such explanation in his petition or his reply brief to this Court.  The Court therefore denies this claim.

> ### C.   *Failure to Call Expert Witnesses*

Also in Ground Three of the petition, petitioner claims that trial counsel failed to consider retaining "a DNA expert or an expert to discuss the victim's psychiatric records." Both the state district court and the KCOA rejected petitioner's claims based on a lack of expert evidence under *Strickland*'s prejudice prong.  *See Taylor*, 2019 WL 628383, at *4-5, 6-8.  Neither in the state courts nor in this Court has petitioner offered the evidence that

he alleges could have been offered at trial but for his counsel's failures.  Thus, there is no basis to conclude that expert testimony would have undermined the State's case, and there is no basis for this Court to conclude that the state courts acted unreasonably in rejecting this claim under the *Strickland* standard.  The Court therefore denies this claim.

### D.   *Additional Alleged Failures*

In Ground Four of his petition, petitioner claims that trial counsel "failed to use important evidence or testimony at trial," as set forth in one section of his state district court brief in the Section 60-1507 proceeding.  In that section, petitioner repeated some of the claims addressed above, and he also claimed that counsel failed to prepare a defense; failed to procure cell phone records for his phone for the dates in question; failed to cross-examine a detective extensively about "hair/trace evidence" and failed to challenge the chain of custody of such evidence; and failed to argue certain testimony in his closing argument.

These claims were not argued to the KCOA, and thus they have been procedurally defaulted.  Moreover, petitioner has not provided any basis for disturbing the state district court's conclusion that petitioner could not meet *Strickland*'s strict standard for relief on this claim.  The record supports the conclusion that petitioner did not prove these claims by showing how the outcome was affected by the alleged failings of counsel.  Petitioner has offered no such explanation to this Court, as his petition merely refers the Court to his

state court brief, and he has not addressed this claim in his reply brief.  Accordingly, the Court is bound to defer to the state court's ruling, and it therefore denies this claim.[7]

### IV.    <u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2254 Cases states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.[8] "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To satisfy this standard, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *See Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).  Because it is clear that petitioner is not entitled to relief on his habeas petition, the Court denies a certificate of appealability in this case.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for relief pursuant to 28 U.S.C. § 2254 is hereby **denied**.

---

[7] In his reply brief, petitioner stated that he intended that counsel appeal all issues presented to the state district court.  The Court denies any such additional claim to the extent not specifically addressed above, as no such additional claim was asserted in the petition, and petitioner has not shown satisfaction of the *Strickland* standard with respect to any such claim.

[8] The denial of a Section 2254 petition is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.  *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

IT IS SO ORDERED.

Dated this 25th day of October, 2021, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge